THE STATE, EX REL. RAAB ET AL., *v.* STEINMEIER ET AL.

SUPREME COURT.—*Record.*—*Evidence.*—*Judgment.*—*Execution.*—*Motion to Distribute Moneys realized on Execution.*—*Presumption.*—A judgment in favor of the State, on behalf of several relators, having been rendered by a certain circuit court, against a certain defendant, and several separate executions issued thereon having been returned by the sheriff, one of such relators moved the court in writing for a distribution of money alleged to have been realized on such executions, to which motion the other relators answered, and the motion was denied, to which exception was reserved.

The State, *ex rel.* Raab *et al., v.* Steinmeier *et al.*

*Held,* by the Supreme Court, the record containing only such motion, the ruling thereon, and the exception thereto, that the ruling is presumed to be right.

*Held,* also, that such judgment and executions, never having been offered in evidence, form no part of the record.

From the Marion Circuit Court.

*P. Rappaport,* for appellants.

*N. B. Taylor, F. Rand* and *E. Taylor,* for appellees.

BIDDLE, J.—It appears by the transcript before us, in this case, that the State of Indiana, on the relation of Sebastian Raab and others, recovered a judgment in the lower court, against Charles W. Steinmeier and others, for the sum of two thousand five hundred and seventy dollars and ninety-seven cents. From this judgment no appeal was taken. It appears also that certain writs of execution were issued upon the judgment, and delivered to the sheriff, upon which he made his returns.

Subsequently, on the 30th day of May, 1876, the appellant filed a written motion before the court, asking " for a distribution of the proceeds arising from the sale of the lands made under the judgment."

To this motion the appellees filed a written answer.

The court overruled the motion ; the appellant excepted and appealed.

A bill of exceptions was filed by the appellant, but all it contains is the written motion, that the court overruled it, and that the appellant excepted.

It does not appear what evidence the court heard under the motion, or whether any or not.

The appellant seems to go upon the ground that the whole record of the original suit, the executions and the sheriff's returns thereon, were before the court as evidence, without being offered or received.

In this we think the appellant is mistaken. After the final judgment in the original case, the record was no longer before the court, unless brought before it by some

legitimate means. The court could not know, *ex officio*, what was in the record, what the judgment was, whether writs of executions had ever been issued upon it or not, nor what were the sheriff's returns thereon. The bare motion in writing of the appellant will not authorize the relief prayed for.

It may be that the record, judgment, executions and returns were all before the court, the case fully heard, and rightly adjudged ; or it may be, as far as we are informed, that no evidence at all was introduced.

In either case, we must presume that the court was right.

The judgment is affirmed, at the costs of the relator.

Petition for a rehearing overruled.